IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL JONES<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN COUNCIL ON EXERCISE<br><br>      Defendant. | Case No. _____<br><br>Jury Demanded |

## ORIGINAL COMPLAINT

Plaintiff Michael Jones ("Jones" or "Plaintiff") brings this action against Defendant American Council on Exercise ("ACE" or "Defendant") under federal and Texas law based on, among other things, ACE's unauthorized use of the mark "MEDICAL EXERCISE SPECIALIST."

### PARTIES

1. Plaintiff Jones is an individual residing in Houston, Texas.

2. Defendant ACE is a corporation organized under the laws of California having its principal place of business at 4851 Paramount Drive, San Diego, CA 92123. On information and belief, Defendant's registered agent is David Branfman, 708 Civic Center Drive, Oceanside, CA 92054. Defendant ACE has engaged in business in the state of Texas (as described below) but has not designated or maintained a resident agent for service of process. Accordingly, substitute service may be made on Defendant's President, or on Defendant's registered agent, David Branfman, via the Texas Secretary of State in accordance with Tex. Civ. Prac. & Rem. Code, §§ 17.026 and 17.044, or by some other appropriate manner.

## JURISDICTION AND VENUE

3. This action alleges violations of federal law, namely: trademark infringement and unfair competition, all under the Federal Lanham Act, Title 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"). Accordingly, this Court has original subject matter jurisdiction over the federal law claims under the Lanham Act, 28 U.S.C. § 1338 (federal jurisdiction over trademarks and unfair competition), and 28 U.S.C. § 1331 (federal question).

4. This action also alleges violations of Texas state law, namely, common law trademark infringement and unfair competition. The Texas state law claims share a common nucleus of operative facts with the federal law claims. Accordingly, this Court has supplemental subject matter jurisdiction over the Texas state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over ACE which has engaged in "doing business" in Texas and in this Judicial District as set forth below, including committing torts (e.g., acts of direct and contributory infringement) in whole or in part in this Judicial District and in Texas. ACE has had "minimum contacts" with Texas and this Judicial District and has purposefully done a variety of acts and consummated a number of transactions in Texas; the infringement described below has arisen from and/or been connected to those acts and transactions. ACE has purposefully availed itself of the benefits and protections of the laws of Texas by establishing minimum contacts with the state of Texas. As the minimum contacts with Texas arise from or are directly related to the stated causes of action, this Court has specific personal jurisdiction over ACE. Furthermore, ACE's contacts with Texas including those described below have been continuous and systematic, even those contacts not necessarily connected to the trademark infringement described below, so this Court also has general personal jurisdiction over ACE.

6. ACE has been using, maintaining, and operating its acefitness.org website to promote its goods and services, including goods and services related to certification, education, and training. That website, which is highly interactive, has been accessible to citizens of Texas and has been used by citizens of Texas. Furthermore, ACE has deliberately targeted residents of Texas in its advertising and marketing activities, including advertising of its copycat mark, Medical Exercise Specialist. For example, a Texas consumer may access Defendant's website; create an account on Defendant's website; purchase and enroll in Defendant's "Medical Exercise Specialist" certification program; and purchase training materials related to this program by making payments through Defendant's website.

7. ACE has been doing business in Texas using a knock-off of Plaintiff's "MEDICAL EXERCISE SPECIALIST" mark ("Mark"). For example, ACE has been intentionally mailing "Medical Exercise Specialist" certificates to residents of Texas and this Judicial District. Also, ACE has been transmitting computer files to one or more Texas residents over the Internet. Those computer files include electronic documents that use blatant copies of Plaintiff's Mark, and such transmissions constitute both direct and contributory trademark infringement in Texas and this Judicial District. For example, on information and belief, one or more "Medical Exercise Specialist" e-books and manuals have been provided by ACE to its customers in Texas, including Texas residents who are or desire to become certified by ACE as "Medical Exercise Specialists." Furthermore, ACE's website expressly identifies a number of "ACE Professionals" in Texas, and publishes their profiles, including their "Medical Exercise Specialist" ACE certifications and their contact information in Texas. Using its website (acefitness.org) ACE thus deliberately connects Texas residents with a variety of "ACE Professionals" who are identified on ACE's website as "Medical Exercise Specialists." Via

ACE's website, Texas residents are able to download an e-book training manual and other electronic documents to any computer in Texas. ACE has thus engaged in both direct and contributory trademark infringement in Texas.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b), (d) because Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Additionally, Defendant's contacts with this Judicial District are sufficient to subject Defendant to the Court's personal jurisdiction within this Judicial District.

### ADDITIONAL BACKGROUND FACTS

9. Plaintiff owns the "MEDICAL EXERCISE SPECIALIST" ("Mark"), and was the first to use the Mark in the United States and in Texas in connection with the particular goods and services provided by him. By 1994, Plaintiff had already selected, adopted and begun using the Mark on and in connection with goods (e.g., manuals) and services (e.g., training, education, and certifications) that he was providing to his customers. In 2000, Plaintiff purchased and registered the domain name medicalexercisespecialist.com, and since then has been continuously using a website using that domain name to advertise his goods and services. Over the years, Plaintiff's goods that have been sold under the Mark have included printed manuals, videos and DVDs. Plaintiff has also been holding training workshops and administering certification examinations in multiple states under the Mark. Additionally, Plaintiff has licensed others to use the Mark including those whom he has granted the right to advertise themselves as a "Medical Exercise Specialist" with their clients, and such licensees include individuals in Texas.

10. Plaintiff has been advertising his goods and services using the Mark in a variety of ways, including business cards, correspondence, manuals, videos, DVDs, print advertising, online advertising, and webpages. Many of Plaintiff's customers have been located in Texas;

others have been located elsewhere in the United States; still others have been located outside of the United States.

11. Plaintiff has been using the Mark on and in connection with his goods and services in commerce that can be lawfully regulated by Congress since at least as early as 1998. Accordingly, Plaintiff owns all right, title, and interest in and to the Mark as applied to the Plaintiff's goods and services under the federal Lanham Act and under applicable state laws, including Texas law.

12. Plaintiff's Mark is eligible for protection under at least the federal Lanham Act and Texas common law, is distinctive, and has acquired secondary meaning.

13. Plaintiff's Mark is valuable intellectual property of the Plaintiff who has been advertising his goods and services using the Mark for over 20 years. Plaintiff has invested substantial time, energy, and money into associating the Plaintiff's goods and services with the Mark. This Mark represents goodwill associated with the Plaintiff.

14. Recently, ACE adopted a copycat mark--Medical Exercise Specialist--which is <u>identical</u> to Plaintiff's Mark. Defendant has been using the copycat mark without Plaintiff's authorization in connection with goods and services that compete directly with Plaintiff's goods and services, and such use is infringing because it has created a likelihood of confusion as discussed below. Defendant's unauthorized use has been in Texas and elsewhere in the United States. On information and belief, Defendant began publicly offering Defendant's goods and services on and in connection with the copycat mark at least as early as August 2015.

## CAUSES OF ACTION

### COUNT I
### (Trademark Infringement and Unfair Competition under the Lanham Act)

15. The allegations set forth above in paragraphs 1-14 are hereby repeated and incorporated by reference as if set forth expressly herein.

16. Plaintiff owns all common law rights, title, and interest in and to the Mark on and in connection with the goods and services of Plaintiff and of Plaintiff's licensees under federal and state laws.

17. Plaintiff's Mark is eligible for protection under at least the federal Lanham Act and Texas common law, is distinctive, and has acquired secondary meaning.

18. Plaintiff began using the Mark in both Texas and elsewhere in the United States decades before the Defendant began using its infringing copycat mark with respect to Defendant's goods and services.

19. Defendant has taken actions that are not authorized by Plaintiff and are damaging to Plaintiff's trademark rights and goodwill. Such actions include those described above, e.g., in Paragraphs 5 and 6 of this Complaint. On information and belief, such unauthorized actions include, but are not limited to numerous uses of the copycat mark including using the mark in advertising on Defendant's website; selling Defendant's goods and services in connection with the copycat mark using Defendant's website; referencing the copycat mark in communications with actual and prospective customers; providing Texas residents and other individuals with infringing e-books and manuals; educating and certifying Texas residents and other individuals as "Medical Exercise Specialists" and then promoting such Texas residents as "Medical Exercise Specialists" to others within Texas.

20. By using the copycat mark, Defendant has created a likelihood of confusion among relevant consumers regarding source, sponsorship, and/or affiliation.

21. Defendant has knowingly encouraged many individuals to advertise themselves as "Medical Exercise Specialists" including many individuals in Texas, such that those individuals have been directly infringing Plaintiff's Mark. Defendant has continued to certify and promote individuals as "Medical Exercise Specialists" in Texas and elsewhere while knowing or having reason to know that those individuals were directly infringing Plaintiff's Mark.

22. Defendant's actions complained of above constitute direct and contributory infringement of Plaintiff's Mark and unfair competition under 15 U.S.C. § 1125(a).

23. On information and belief, Defendant selected and began using the copycat mark with full knowledge of Plaintiff's Mark and how Plaintiff was using the Mark, has continued using the copycat mark with that knowledge. Defendant has willfully and deliberately traded on the goodwill created by Plaintiff and has adopted and been using the copycat mark in bad faith and with an intent to profit from Plaintiff's Mark.

24. Defendant is being unjustly enriched by its infringement.

25. Plaintiff is entitled to recovery of Defendant's profits, all damages sustained by Plaintiff, Plaintiff's costs, and Plaintiff's attorney's fees pursuant to 15 U.S.C. § 1117(a).

26. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

## COUNT II
### (Trademark Infringement under Texas Common Law)

27. The allegations set forth above in paragraphs 1-26 are hereby repeated and incorporated by reference as if set forth expressly herein.

28. Defendant's acts complained of above have caused—and will continue to cause—a likelihood of confusion in the minds of consumers, and thus constitute trademark infringement under Texas common law.

29. As a result of Defendant's infringing acts, Plaintiff has suffered and continues to suffer damages, and Defendant is entitled compensation for his own damages due to Defendant's infringement, both direct infringement and contributory infringement.

30. Defendant's acts have been and are still deliberate, willful, reckless, and malicious, entitling Plaintiff to enhanced damages and his attorney's fees.

31. Furthermore, in addition to recovering damages, Plaintiff is entitled to a temporary, preliminary, and permanent injunction to prevent future actions of infringement by Defendant under Texas common law.

## COUNT III
### (Unfair Competition under Texas Common Law)

32. The allegations set forth above in paragraphs 1-31 are hereby repeated and incorporated by reference as if set forth expressly herein.

33. Plaintiff's Mark is distinctive and/or has acquired secondary meaning through usage in Texas in connection with Plaintiff's goods and services. Defendant's acts complained of above constitute unfair competition under the Texas common law. For example, Defendant's uses of the copycat mark are likely to confuse the relevant public. Deception will naturally and probably result from such uses. This conduct by Defendant constitutes unfair competition under Texas common law.

34. As a result of Defendant's acts of unfair competition, Plaintiff has suffered and continues to suffer damages, and Defendant is entitled to recover compensation for his own damages caused by Defendant's unfair competition.

35. Defendant's acts of unfair competition have been and are still deliberate, willful, reckless, and malicious, entitling Plaintiff to recover enhanced damages and attorney's fees.

36. A temporary, preliminary, and permanent injunction should be entered to prevent future actions of unfair competition under Texas common law by Defendant.

### JURY DEMAND

37. Plaintiff Michael Jones hereby demands this case be tried by a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A. Enter judgment that Plaintiff owns the Plaintiff's Mark and any other marks that include the phrase "MEDICAL EXERCISE SPECIALIST" and that Defendant has infringed Plaintiff's trademark rights and have also engaged in unfair competition under both the federal Lanham Act and Texas common law, including the following:

1. Defendant has committed direct and contributory trademark and service mark infringement under 15 U.S.C. § 1114 by Defendant's use of the Mark in connection with its goods, services, advertising, and communications with others; and that any and all uses by Defendant of such Mark create a likelihood of confusion regarding the source, sponsorship, or affiliation of the goods and services offered by Defendant.

2. Defendant has infringed Plaintiff's Texas common law trademark and/or service mark rights by direct and contributory infringement.

3. Defendant has engaged in unfair competition under both the Lanham Act and Texas common law.

B. Award Plaintiff damages caused by Defendant's unlawful acts, Defendant's profits related to infringement, enhanced and treble damages, attorney's fees, and costs, including the following:

      1. Award Plaintiff recovery of Defendant's profits, all damages sustained by Plaintiff, Plaintiff's costs, and Plaintiff's attorney's fees pursuant to 15 U.S.C. § 1117(a).

      2. Award Plaintiff all damages suffered by Plaintiff as a result of Defendant's infringement of Plaintiff's common law trademark and/or service mark and all the profits of Defendant attributable to such infringement.

      3. Award Plaintiff all damages suffered by Plaintiff as a result of Defendant's unfair competition and all the profits of Defendant related to such unfair competition.

      4. Enter a finding that Defendant's acts of infringement and unfair competition under Texas common law have been deliberate, willful, reckless, and malicious, and award Plaintiff enhanced damages and attorney's fees related thereto.

    C.    Enter an order that Defendant and each of its affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or participation with Defendant be preliminarily and permanently enjoined from: carrying out any of the aforementioned acts for which Defendant has been found liable; using or asserting exclusive rights in, or ownership of, the Mark; engaging in unfair competition; committing any acts likely to cause the public to believe that any of Defendant's uses of the Mark, with respect to any of Defendant's good, services, or business operations, are authorized by or related to Plaintiff; and attempting, causing, or assisting any of the above-described acts.

    D.    Order Defendant to advise all of Defendant's customers that Defendant does not own the Mark, and instruct Defendant to cease use of the Mark.

    E.    Order Defendant to pay Plaintiff pre-judgment interest on all amounts awarded and post-judgment interest until paid at the highest lawful rate.

F.  Award Plaintiff such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: November 5, 2015                    **THE ELLIOTT LAW FIRM, PLLC**

/s/ Douglas H. Elliott
Attorney-In-Charge
Texas Bar No. 06535900
S.D. Texas No. 7830
doug@elliottiplaw.com
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile:  (832) 485-3511

Of Counsel

Dale Jefferson
Texas Bar No. 10607900
S.D. Texas No. 9116
jefferson@mdjwlaw.com
**MARTIN, DISIERE, JEFFERSON & WISDOM, LLP**
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile:  (713) 632-0101

Eric M. Adams
Texas Bar No. 24031686
S.D. Texas No. 30371
eric@elliottiplaw.com
**THE ELLIOTT LAW FIRM, PLLC**
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile:  (832) 485-3511

**ATTORNEYS FOR PLAINTIFF MICHAEL JONES**