United States District Court
Southern District of Texas
**ENTERED**
March 07, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JONES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3270 |
| | § | |
| AMERICAN COUNCIL ON EXERCISE, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before the court is defendant American Council on Exercise's ("ACE") motion to exclude untimely third party witnesses and witness statements submitted by plaintiff Michael Jones in support of his motion for preliminary injunction.  Dkt. 25.  Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion to exclude (Dkt. 25) should be DENIED.

## I. BACKGROUND

ACE moves for the court to exclude twenty-one third-party witnesses and their statements from consideration with regard to Jones' motion for preliminary injunction because Jones did not disclose these witnesses until it was too late for ACE to rebut the testimony.  Dkt. 25.  ACE argues that the scheduling order required disclosure long before Jones disclosed and that it is apparent that Jones knew of the witnesses and only disclosed them at the last minute in an attempt to "ambush" ACE.  *Id.*

Jones argues that he timely supplemented his disclosures within ten days of receiving the contested witness declarations and affidavits and that this supplemental disclosure occurred more than a week before Jones filed his motion for preliminary injunction.  Dkt. 48.  Jones notes that he

expressly stated in his initial disclosure that third parties may have discoverable information and that he may supplement as the case proceeded. *Id.* (citing Dkt. 48, Ex. 1A).  Jones asserts that ACE did not attempt to contact the witnesses or take their depositions, and he argues that ACE has not shown any prejudice suffered by the allegedly late disclosure. *Id.*

## II. LEGAL STANDARD

ACE contends that Jones violated Federal Rule of Civil Procedure 26 and that the court should sanction him for this violation under Rule 37 by excluding his late-designated witnesses. Dkt. 25.  Under Federal Rule of Civil Procedure 26(a)(1)(C),

> A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.  In ruling on that objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

Fed. R. Civ. P. 26(a)(1)(C).  The court's scheduling order listed a deadline for initial disclosures of April 15, 2016.  Dkt. 17.

> Rule 26(e) requires a party who has made its initial disclosures to supplement them

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court.

Fed. R. Civ. P 26(e).

Rule 37(c)(1) provides sanctions for failure "to provide information or identify a witness as required by Rule 26(a) or (e)."  Fed. R. Civ. P. 37(c)(1).  The Rule states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.*  It also lists other ways in which a

2

court may sanction parties for failing to disclose, provided there is a motion and opportunity to be heard. *Id.*

Courts should consider the following four factors when exercising discretion regarding whether to exclude discovery under Rule 37: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

### III. ANALYSIS

While it is not altogether clear that Jones failed to timely supplement his disclosures, the court finds that the Rule 37 factors weigh in Jones' favor and that ACE's motion should be denied even if the supplementation was untimely.

### A.    Explanation

The first Rule 37 factor is the non-disclosing party's explanation for the failure to identify the witness or witnesses. *Betzel*, 480 F.3d at 707.  ACE contends that Jones and his counsel were working on the third-party witness statement in April 2016 and that Jones should have disclosed them on the April 15, 2016 deadline as soon as he knew the witnesses may have discoverable information.  Dkt. 25.  ACE argues that "no explanation can suffice for Jones' late disclosure on *twenty-one* third party witnesses and their statements." *Id.*

Jones argues that he complied with all the Federal Rules by timely producing the declarations and affidavits and timely supplementing his disclosures.  Dkt. 48.  He asserts that he supplemented his disclosures as soon as he received the declarations and affidavits that he anticipated using the support his claims. *Id.*  Jones additionally notes that ACE had already received information about

these third parties through the discovery process, prior to taking depositions, as the third parties were all listed in either a database or customer list previously produced by Jones. *Id.*

ACE asserts that Jones is "cavalierly shrug[ging] off" the deadlines in the scheduling order and that his later supplementation of witness identities does not absolve him of the responsibility for tardy disclosure. Dkt. 51. It points out that Jones had about six months from the time he filed his complaint until his disclosures were due and that this was sufficient time to identify the specific witnesses who supported Jones' claim. *Id.* Instead, however, Jones provided customer lists in an attempt to "bur[y] the needle in a haystack." *Id.*

The court agrees with ACE that Jones does not provide a satisfactory reason as to why he needed more than six months to determine which customers were important enough to disclose. This factor weighs in favor of ACE.

## B.     Importance

The second factor is the importance of the testimony. *Betzel*, 480 F.3d at 707. ACE asserts that the declarations, affidavits, and other statements of the third-party witnesses "are of little evidentiary or probative value, and are therefore not important to the determination of whether to grant a preliminary injunction." Dkt. 25. ACE also opines that they were probably written by Jones' counsel. *Id.* ACE believes that (1) the testimony of the medical exercise specialists who were trained by Jones is speculation; (2) none of the personal trainer witnesses is qualified as an expert and cannot opine about damage or harm; and (3) a lay witness cannot testify about whether there is a likelihood of confusion. *Id.*

Jones states that the content of the declarations speak for themselves. Dkt. 48. He summarizes the declarations and affidavits as coming from (1) individuals who worked for Jones and testified about the effectiveness of his advertising, which goes to a finding of distinctiveness; and

(2) individuals from the industry who discussed personal beliefs about the term "Medical Exercise Specialist" and why it was unique to Jones, which supports a finding that the term is not a generic name.  *Id.*  Jones contends that ACE is attempting to exclude this evidence only because it is important evidence that it cannot counter.  *Id.*

While there may be some evidentiary issues with the declarations or affidavits, the court agrees with Jones that the evidence is important.  This factor weighs in favor of Jones.

### C.    Potential Prejudice

The third factor is potential prejudice in allowing the testimony.  *Betzel*, 480 F.3d at 707. ACE asserts that the "prejudice is manifest" because the deposition cutoff date passed before Jones' disclosures.  Dkt. 25 (citing *Kelly-Fleming v. City of Selma, Tex.*, No. SA-10-CV-675-XR, 2013 WL 6002223 (W.D. Tex. Nov. 12, 2013) (noting that, under the facts of that case, allowing undisclosed experts to testify would "seriously" prejudice the defendant)).  ACE notes that if it had known of the witnesses by the disclosure deadline, it may have chosen to depose one of them and that it was therefore "deprived of the ability to make an informed choice about which adverse party witnesses to depose because Jones 'hid the ball.'"  *Id.*  Additionally, its ability to prepare to rebut the testimony of these witnesses was allegedly prejudiced.  *Id.*

Jones notes that the court's scheduling order allowed only two depositions per side and that ACE filled those two slots by taking Jones' deposition and the deposition of Phil Godfrey.  Dkt. 48 (citing Dkt. 17 (scheduling order)).  Jones asserts that ACE did not confer with Jones' counsel about taking additional depositions of the third-party declarants.  *Id.*  Jones points out that ACE had weeks after the witnesses were disclosed before its response brief was due and that the original hearing on the motion for preliminary injunction was not scheduled until two months after that.  *Id.*  Jones argues that any "prejudice" suffered by ACE has been self-inflicted.  *Id.*

5

ACE reasserts in its reply that it was prejudiced, stating that it was "lulled into agreeing to limit adverse party depositions" and "denied the ability to cross-examine these twenty-one witnesses, in direct contravention of its due process rights." Dkt. 51. ACE contends it would likely have used its second adverse deposition on a witness other than Godfrey. *Id.*

Despite ACE's colorful arguments, the court finds that this factor weighs in favor of Jones. While the parties agreed to two depositions, if a party presented evidence that additional depositions were needed, the court would have modified the scheduling order. Additionally, if ACE did not have the information it needed to respond to the motion for preliminary injunction due to the late disclosure of the third-party witnesses, it could have easily asked for a short extension to respond, and the court would have granted it. Moreover, the court ultimately decided to rule on the motion for summary judgment before turning to the motion for preliminary injunction, so there has now been even more time for ACE to move to take more depositions or supplement the record. While the court agrees that Jones' late disclosure may have caused ACE some prejudice since it may have chosen a different witness to depose in the first instance, the prejudice was easily cured. This factor weighs in favor of Jones.

## D.    Availability of Continuance

The final factor is the availability of a continuance to cure such prejudice. *Betzel*, 480 F.3d at 707. ACE argues that a continuance will not cure the prejudice as it invested a "great deal of time and effort in opposing Jones' request for a preliminary injunction" and that "it is in ACE's best interest to defeat Jones' preliminary injunction as soon as possible." Dkt. 25. ACE additionally contends that it already used its allowed two depositions on adverse witnesses before knowing about the newly disclosed third-party witnesses and that it no longer has the right to take depositions under the scheduling order. *Id.* It thus concludes that a continuance will not cure the prejudice and "will

6

only prejudice ACE further by delaying the day that ACE can confront the accusations against it."
*Id.*

Jones notes that ACE had two months to depose or rebut the witness statements before the motion was originally set for a hearing.  Dkt. 48.  Yet, ACE never sought relief from the court to take additional depositions and has still failed to do so even though the hearing was continued.  *Id.*

ACE argues in reply that Jones is attempting to blame ACE for not petitioning the court for relief from *Jones'* failure to meet his obligations and that the "blame the victim argument does not pass muster."  Dkt. 51.

This factor weighs in favor of Jones, for the reasons discussed in the prejudice factor.

## IV. CONCLUSION

The court finds that the factors weigh in favor of Jones and that the evidence should not be excluded.  ACE's motion to exclude (Dkt. 25) is **DENIED**.

Signed at Houston, Texas on March 7, 2017.

Gray H. Miller
United States District Judge