United States District Court
Southern District of Texas

**ENTERED**

March 15, 2017

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3270 |
| | § | |
| AMERICAN COUNCIL ON EXERCISE, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is defendant American Council on Exercise's ("ACE") alternative motion to exclude portions of witness statements. Dkt. 26. The court notes that "a preliminary injunction proceeding is not subject to jury trial procedures" and that courts give "some leniency" with regard to evidentiary rules during the preliminary injunction stage. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 559 (5th Cir. 1987). Thus, while the court has carefully considered ACE's objections, it has done so with the understanding that plaintiff Michael Jones should be able to present his evidence in a more robust form by the time of trial.[1] After considering the objections, response, reply, and the applicable law, the court finds that the objections should be SUSTAINED IN PART AND OVERRULED IN PART as outlined in the tables below.

---

[1] The court hopes that ACE will tailor its specific objections and narrow them when it is time for the court to make its pre-trial evidentiary rulings, rather than employ the "laundry list" approach adopted in its present motion.

## I.  OBJECTIONS TO STATEMENT OF CHAD LEIKER[2]

| Paragraph | Objections | Ruling |
|---|---|---|
| 2. | Contains hearsay ("That's when Dr. Jones told me…"); lacks foundation ("The name sounded new to me….."); legal conclusion, improper lay opinion, improper expert opinion, irrelevant, speculation, ("I believed 'Medical Exercise Specialist' to be exclusively associated with Dr. Jones's course and certification." | Overruled |
| 4. | Lacks foundation ("Dr. Jones's business was enjoying rapid growth when I joined him."). | Overruled |
| 6. | Lacks foundation, improper lay opinion, improper expert opinion ("Dr. Jones's advertising was remarkably effective."). | Overruled |
| 6.b. | Lacks foundation ("People would constantly call in…"). | Overruled |
| 6.c. | Lacks foundation ("We enjoyed extensive word-of-mouth advertising…"); hearsay ("People would call or write explaining…"). | Overruled |
| 6.d. | Lacks foundation ("After the conference was over, we received a large number of sales."). | Overruled |
| 6.e. | Hearsay ("…he would tell the audience about the Medical Exercise Specialist course and certification."). | Sustained |
| 7. | Irrelevant ("The man worked crazy hard….I was about 25 years old, and even I started to feel exhausted at the amount of travel."). | Overruled |
| 8. | Lacks foundation ("We sold out the vast, vast, vast majority of our classes.  And for those we didn't sell out, they were still completely packed."). | Overruled |
| 9. | Lacks foundation, speculation, hearsay. | Overruled because of lack of specificity of objection |
| 10. | Irrelevant ("I saw a man who worked extraordinarily hard to pour his life and soul . . . I felt deeply impressed by the amount of time Dr. Jones spent building his entire program from essentially nothing. . . . Like anyone who's written a song or a book, I remember thinking how much the name and program he created must mean to Dr. Jones."); speculation, lacks foundation, improper lay opinion, improper expert opinion, legal conclusion ("I fear ACE using the name will destroy his business…. ACE is the 900-pound | Sustained as to speculation with regard to the sentence about fearing the use of the name will destroy Jones's business. All other objections overruled. |

---

[2] Leiker's declaration may be found at docket entry 23, exhibit 2A at 9–11.

| | | |
|---|---|---|
| | gorilla in the room.  Based on my experience with him, his potential-customer base is likely to be confused because ACE is selling under the same Medical Exercise Specialist name in the same exercise industry."). | |

## II. OBJECTIONS TO STATEMENT OF AMANDA HARRIS[3]

| Paragraph | Objections | Ruling |
|---|---|---|
| 3. | Hearsay ("I was talking with a man named Bob Esquerre…He told me…"). | Sustained as to the last sentence, "He told me that if I wanted to up my game, I needed to contact Dr. Michael Jones about a program called the Medical Exercise Specialist." Otherwise, overruled. |
| 4. | Lacks foundation, improper lay opinion, improper expert opinion, speculation ("No one had ever combined each of those words in that particular way …"); irrelevant, legal conclusion ("In my mind, the name Medical Exercise Specialist referred only to Dr. Jones's program and certification."); speculation; legal conclusion, improper lay opinion, improper expert opinion ("It was completely distinct and very unique."). | Sustained as the sentence "It was completely unique and very distinctive." Otherwise, overruled. |
| 5. | Irrelevant ("I've never heard anyone using the name Medical Exercise Specialist other than referring to Dr. Jones's program."). | Overruled. |
| 6. | Lacks foundation. | Overruled. |
| 7. | Speculation ("I would be shocked if ACE did not know about Dr. Jones's Medical Exercise course and program."). | Overruled. |
| 8. | Speculation, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation. | Sustained as to speculation and improper expert opinion. |

---

[3]  Harris's affidavit may be found at docket entry 23, exhibit 2A at pages 19–20.

### III. OBJECTIONS TO STATEMENT OF NANCY CHADWICK[4]

| Paragraph | Objections | Ruling |
|---|---|---|
| 3. | Irrelevant, lacks foundation, improper lay opinion, improper expert opinion ("My opinion is that if you are going to offer a course called "Medical Exercise Specialist" it should be taught by medical practitioners."). | Overruled. |
| 4. | Irrelevant, Speculation ("…I've never heard anyone use the name 'Medical Exercise Specialist' to refer to anything besides Dr. Jones's course and certification."). | Overruled. |
| 5. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("I think it is preposterous to claim . . . that Dr. Jones is using a generic or non-specific name."); hearsay ("A friend of mine had a studio right beside mine.  She'd told me she was going through his course…."); irrelevant. | Overruled. |
| 7. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, ultimate facts ("ACE using the same name is confusing….Yet it's confusing because they are the same name.  It seems to me that they're trying to play off Dr. Jones's goodwill."); irrelevant. | Overruled. |

### IV. OBJECTIONS TO STATEMENT OF DON ALLEY[5]

| Paragraph | Objections | Ruling |
|---|---|---|
| 3. | Irrelevant, lacks foundation, improper lay opinion, improper expert opinion, legal conclusion ("In my mind, "Medical Exercise Specialist" is the exclusive name of a course and certification offered by Dr. Michael Jones."). | Overruled. |
| 4. | Legal conclusion, improper lay opinion, improper expert opinion, speculation ("The name sounded distinctive (because as far as I could tell) Dr. Jones made it up."); lacks foundation ("'Medical Exercise Specialist' was not a term used in the industry to describe certifications…"; hearsay ("And my colleagues had told me…"); irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("I believed him to be the exclusive provider of the certification named "Medical Exercise Specialist."). | Overruled. |

---

[4] Chadwick's affidavit may be found at docket entry 23, exhibit 2B at pages 1–4.

[5] Alley's affidavit may be found at docket entry 23, exhibit 2B at pages 12–13.

4

| | | |
|---|---|---|
| 5. | Lacks foundation, improper lay opinion, improper expert opinion ("Dr. Jones had an effective way of advertising his course."). | Overruled. |
| 6. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation, hearsay ("I always inform them that Dr. Jones is the sole provider of the course and certification."); lacks foundation ("While I don't remember exactly how many…"). | Overruled. |
| 7. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation ("…I'm unaware of anyone using 'Medical Exercise Specialist' to refer to exercise or fitness certifications generally."). | Overruled. |
| 8. | Legal conclusion, ultimate facts, lacks foundation, speculation ("Or was ACE stealing his brand?"). | Sustained as to the last sentence only. Otherwise overruled. |
| 9. | Hearsay ("I have personally spoken…I told them the name of the course…"). | Overruled. |
| 10. | Legal conclusion, improper lay opinion, improper expert opinion, speculation, ultimate facts, lacks foundation, irrelevant. | Overruled. |

## V. OBJECTIONS TO STATEMENT OF JASON HODGE[6]

| Paragraph | Objections | Ruling |
|---|---|---|
| 4. | Irrelevant, improper lay opinion, improper expert opinion, legal conclusion, lacks foundation, speculation ("In my mind, the name 'Medical Exercise Specialist' identifies one course and one certification: the ones offered by Dr. Michael Jones."). | Overruled. |
| 4.a. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 4.b. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 4.c. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 5. | Irrelevant. | Overruled. |
| 6. | Irrelevant, improper lay opinion, improper expert opinion, legal conclusion, lacks foundation, hearsay. | Overruled. |
| 7. | Illegal wiretapping of phone conversation with California person under California law which requires two party consent; speculation ("Even ACE's representative | Sustained as to sentence about recording the call. |

---

[6] Hodge's declaration may be found at docket entry 23, exhibit 2A at pages 31–33.

| | seemed confused."); improper consumer survey methodology ("I felt very confused."). | Otherwise, overruled. |
|---|---|---|
| 8. | Legal conclusion, improper lay opinion, improper expert opinion, speculation, lacks foundation, ultimate facts. | Overruled. |

### VI. OBJECTIONS TO STATEMENT OF GABE VALENCIA[7]

| Paragraph | Objections | Ruling |
|---|---|---|
| 4. | Irrelevant, improper lay opinion, improper expert opinion, legal conclusion, lacks foundation, speculation ("I've always exclusively associated the name 'Medical Exercise Specialist' with the course and certification offered by Dr. Michael Jones."); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, legal conclusion, speculation ("Before that, I'd never heard the name Medical Exercise Specialist. The name sounded totally unique and distinctive to me … and I'd never heard one called Medical Exercise Specialist. I believed Dr. Jones had simply made up the name, which made me associate the name only with his course and certification."). | Overruled. |
| 5. | Irrelevant, improper lay opinion, improper expert opinion, lacks foundation, speculation, legal conclusion (". . . I've never heard anyone who used the name Medical Exercise Specialist to generally refer to fitness or exercise certifications. Before 2015, I'd never heard anyone use the name Medical Exercise Specialist except to reference the course taught by Dr. Jones."). | Overruled. |

### VII. OBJECTIONS TO STATEMENT OF TREVOR WICKEN[8]

| Paragraph | Objections | Ruling |
|---|---|---|
| 1. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 2. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 3. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 4. | Irrelevant; Not an admissible unsworn statement, does | Overruled. |

[7] Valencia's declaration may be found at docket entry 23, exhibit 2A at pages 27–28.

[8] An email from Wicken to Jones is contained at docket entry 23, exhibit 2B at pages 20–22.

6

| | not comply with 28 U.S.C. § 1746; hearsay. | |
|---|---|---|
| 5. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 5.a. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 5.b. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746; hearsay. | Overruled. |
| 5.c. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746; hearsay. | Overruled. |
| 5.d. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746; hearsay. | Overruled. |
| 5.e. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 5.f. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 5[sic].a. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 5[sic].b. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 6[sic]. | Irrelevant; Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |

## VIII. OBJECTIONS TO STATEMENT OF JOE MASIELLO[9]

| Paragraph | Objections | Ruling |
|---|---|---|
| 1. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. This is a sworn affidavit made before a notary public. |
| 2. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 3. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746; irrelevant, improper lay opinion, improper expect opinion, legal conclusion, lacks foundation, speculation ("When I hear the phrase 'Medical Exercise Specialist,' I think only of the course and certification offered by Dr. Michael Jones….Even before taking the course myself, I believed the Medical Exercise Specialist exclusively referred to Dr. Jones's course and certification."); legal conclusion, improper lay opinion, improper expert opinion, speculation, lacks foundation ("I thought 'Medical Exercise Specialist' was | Overruled. |

[9] Masiello's affidavit may be found at docket entry 23, exhibit 2A at pages 29–30.

7

| | | |
|---|---|---|
| | very unique name because, to the best of my knowledge, no one else had used the designation 'Medical Exercise Specialist.'"). | |
| 4. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |
| 5. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746; irrelevant, lacks foundation. | Overruled. |

### IX. OBJECTIONS TO STATEMENT OF CYNTHIA MEALY[10]

| Paragraph | Objections | Ruling |
|---|---|---|
| Entire email | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746; irrelevant, improper lay opinion, improper expert opinion, lacks foundation, speculation, legal conclusion ("My understanding is that the title Medical Exercise Specialist is exclusive to those who have completed the course work and passed the exams from the American Academy of Health, Fitness and Rehab Professionals."). | Overruled. |

### X. OBJECTIONS TO STATEMENT OF SHARON MOELIS[11]

| Paragraph | Objections | Ruling |
|---|---|---|
| 4. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation("In my mind, the name 'Medical Exercise Specialist' has always exclusively meant the course and certification offered by Dr. Jones….exclusively associated the name Medical Exercise Specialist with the course and certification offered by Dr. Jones…. In the years since, I'd never heard anyone use the name Medical Exercise Specialist, other than to refer to Dr. Jones's course and certification."). | Overruled. |
| 5. | Irrelevant, hearsay. | Sustained as hearsay as to the last sentence only. Otherwise, overruled. |
| 6. | Irrelevant, improper lay opinion, improper expert | Overruled. |

---

[10]  Mealy's email to Jones an be found at docket entry 23, exhibit 2B at page 23.

[11]  Moelis's declaration may be found at docket entry 23, exhibit 2A at pages 25–26.

| | opinion, legal conclusion, speculation ("I believe it is completely possible for them to describe their program without using the Medical Exercise Specialist name that Dr. Jones invented."). | |
|---|---|---|
| 7. | Irrelevant | Overruled. |
| 8. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("In my mind, ACE is undercutting the value of Dr. Jones Medical Exercise Specialist certification…. I believe that there is an extremely high likelihood of confusion …"). | Overruled. |

## XI. OBJECTIONS TO STATEMENT OF JANICE BIRD[12]

| Paragraph | Objections | Ruling |
|---|---|---|
| 3. | Hearsay ("They told me it was offered by Dr. Michael Jones.); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation ("I thought it was very unique."); irrelevant, improper lay opinion, improper expert opinion, legal conclusion, speculation, lacks foundation ("I only thought of Dr. Jones' course and certification when I saw the name Medical Exercise Specialist."). | Overruled. |
| 8. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation, ultimate facts, irrelevant ("…I perceive Dr. Jones's Medical Exercise Specialist certification as less valuable.  Now Dr. Jones cannot control the quality of his brand because ACE has copied the name of Dr. Jones' course and I fear confusion is highly likely because it's the same name. In my eyes all of this harms the value of the Medical Exercise Specialist brand that Dr. Jones poured his heart and soul into developing."). | Overruled. |

## XII. OBJECTIONS TO STATEMENT OF SUSAN DUTTGE[13]

| Paragraph | Objections | Ruling |
|---|---|---|
| 3. | Irrelevant, improper lay opinion, improper expert opinion, legal conclusion, lacks foundation, speculation ("'Medical Exercise Specialist' is absolutely, | Sustained as to the first two sentences of the paragraph. |

---

[12] Bird's declaration may be found at docket entry 23, exhibit 2A at pages 34–35.

[13] Duttge's declaration may be found at docket entry 23, exhibit 2A at pages 23–24.

|   | unequivocally, without a doubt the name that solely identifies the course and certification offered by Dr. Jones…. The phrase stuck with me because it had substance and was nothing I'd ever heard of before or seen to be available before."). | Otherwise, overruled. |
|---|---|---|
| 4. | Irrelevant, improper lay opinion, improper expert opinion, legal conclusion, lacks foundation, speculation. | Sustained as improper lay opinion as to the first sentence. Otherwise overruled. |
| 5. | Ultimate facts, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation, irrelevant. | Sustained as to the first and last sentence. |
| 6. | Ultimate facts, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("I also think Dr. Jones's 'Medical Exercise Specialist' name is compromised and less valuable because of the high likelihood that people will be confused…. I could be confused with ACE's people. I believe that completely undercuts the value of my Medical Exercise Specialist certification. It's just wrong. ACE should stop using the name."). | Overruled. |
| 7. | Ultimate facts, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 8. | Ultimate facts, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("Now that ACE is using the same name, I can be confused with ACE's students. I believe this undercuts the value of my Medical Exercise Specialist certification with Dr. Jones and is unacceptable. It is theft of a name, a title and Dr. Jones's course work identity beginning in 1994."). | Sustained as to the last sentence. Otherwise overruled. |
| 9. | Ultimate facts, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Sustained. |

## XIII. OBJECTIONS TO STATEMENT OF KELLI CALABRESE[14]

| Paragraph | Objections | Ruling |
|---|---|---|
| 5. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation("I've always considered the name 'Medical Exercise Specialist' to refer exclusively to the course and | Overruled. |

---

[14] Kelli Calabrese's declaration may be found at docket entry 23, Exhibit 2A at pages 6–8.

| | | |
|---|---|---|
| | certification offered by Dr. Michael Jones, even before I enrolled…. And every time I saw the name 'Medical Exercise Specialist,' it specifically identified Dr. Jones's course and certification. Even since enrolling, I've never heard anyone use the name 'Medical Exercise Specialist' except when talking specifically about Dr. Jones's course and certification (until ACE started selling a Medical Exercise Specialist program and certificate in 2015)."); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("I'd never heard 'Medical Exercise Specialist' before-the name sounded unique to me because it appeared totally made up by Dr. Jones."). | |
| 7. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("I believe it is fairly well known that the 'Medical Exercise Specialist' refers to the course and certification offered by Dr. Jones….I perceive Dr. Jones as having built a great reputation for the Medical Exercise Specialist name."). | Overruled. |
| 8. | Improper consumer survey methodology ("I personally find it confusing…"); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("I think confusion is very likely. It's the same name. In the same industry. Targeting roughly the same group of people.  And the course appears to be superficially similar."). | Overruled. |
| 9. | Ultimate facts, irrelevant; legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("… it's not some generic term…"). | Sustained as to "it's not some generic term."  Otherwise, overruled. |

## XIV. OBJECTIONS TO STATEMENT OF SCOTT JACKSON[15]

| Paragraph | Objections | Ruling |
|---|---|---|
| 4. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("In my mind, 'Medical Exercise Specialist' refers exclusively the course and certification offered by Dr. Jones."); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("But as someone in the industry, it's a very distinct | Overruled. |

---

[15] Jackson's declaration may be found at docket entry 23, exhibit 2A at pages 16–18.

| | name—in fact, I always believed that Dr. Jones invented the name 'Medical Exercise Specialist.'"); ultimate facts, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("And to my knowledge, Dr. Jones is the only one who's ever used the name 'Medical Exercise Specialist,' at least before ACE stole the name from in 2015."). | |
|---|---|---|
| 5.a., b. | Hearsay. | Overruled. |
| 6. | Ultimate facts, irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Sustained as to speculation with regard to the last sentence, "Although you can't tell it by just looking at ACE's website, ACE's certification is far less substantial than Dr. Jones'. Otherwise, overruled. |
| 7. | Irrelevant. | Overruled. |
| 8. | Hearsay ("My trainers told me…."); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation, ("So yes, there will be confusion…"). | Overruled. |

## XV. OBJECTIONS TO STATEMENT OF ROGER MICHAEL BABOWAL, II[16]

| Paragraph | Objections | Ruling |
|---|---|---|
| 2. | Not qualified as brand or marketing expert | Overruled. |
| 3. | Lacks foundation. | Overruled. |
| 4. | Lacks foundation. | Overruled. |
| 5. | Lacks foundation. | Overruled. |
| 6. | Lacks foundation. | Overruled. |
| 7. | Lacks foundation. | Overruled. |
| 8. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation("Dr. Jones had used the Medical Exercise Specialist brand exclusively to my knowledge, so I assumed he'd sold the business, or licensed his Medical Exercise Specialist program to ACE.). | Overruled. |
| 9. | Legal conclusion, improper lay opinion, improper expert | Sustained as to |

---

[16] Babowal's declaration may be found at Docket entry 23, Exhibit 2A at pages 12–15.

| | opinion, lacks foundation, speculation. | speculation regarding the last sentence, "ACE has so many more resources that they could easily overwhelm him and confuse people into thinking they are the only Medical Exercise Specialist course and certification." Otherwise, overruled. |
|---|---|---|

## XVI. OBJECTIONS TO STATEMENT OF JO-ANN JAMES[17]

| Paragraph | Objections | Ruling |
|---|---|---|
| Whole statement | Irrelevant, violates 28 U.S.C. § 1746. | Overruled. |

## XVII. OBJECTIONS TO STATEMENT OF WILLIAM SMITH[18]

| Paragraph | Objections | Ruling |
|---|---|---|
| 3. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("In my mind, the name 'Medical Exercise Specialist' exclusively refers to the course and certification offered by Dr. Michael Jones"); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("When I first saw the name Medical Exercise Specialist, I thought it was a very unique name."). | Overruled. |
| 4. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("Again, in my mind, the name Medical Exercise Specialist exclusively identifies Dr. Jones as the source of the course and certification."). | Overruled. |

---

[17] James's email may be found at docket entry 23, exhibit 2B at page 24.

[18] Smith's declaration may be found at docket entry 23, exhibit 2B at pages 18–19.

| 5. | Irrelevant. | Overruled. |
| 6. | Hearsay, irrelevant. | Overruled. |
| 7. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |

## XVIII. OBJECTIONS TO STATEMENT OF BOB ESQUERRE[19]

| Paragraph | Objections | Ruling |
|---|---|---|
| 1. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated). | There is no date on the declaration. However, this issue has been cured because he incorporated the declaration into a dated expert report. Objection overruled. |
| 2. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated). | Overruled. |
| 3. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated); Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("Since I first heard it, I've always believed the name "Medical Exercise Specialist" exclusively identified the course and certification offered by Dr. Michael Jones."); hearsay ("One of the trainers at Equinox (named Peter Charles) mentioned in a meeting that he'd met Dr. Jones. Dr. Jones offered a course and certification called the "Medical Exercise Specialist." I'd never heard anyone use the name "Medical Exercise Specialist" before. I was interested—could Equinox trainers could gain a competitive advantage by enrolling? I set up a phone call with Dr. Jones. We talked about what kind of content he offered."). | Overruled. |
| 4. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated); irrelevant. | Overruled. |
| 5. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated); lacks foundation ("Dr. Jones's Medical Exercise Specialist course and certification was advertised through word-of-mouth, and that strategy was effective to spread the name throughout | Overruled. |

---

[19] Bob Esquerre's declaration may be found at docket entry 23, exhibit 2A at 1–5.

14

| | | |
|---|---|---|
| | the industry."). | |
| 6. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated), irrelevant, hearsay. | Overruled. |
| 6.a. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated), irrelevant. | Overruled. |
| 6.b. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated), hearsay, irrelevant. | Overruled. |
| 6.c. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated), irrelevant, hearsay. | Overruled. |
| 6.d. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated), irrelevant. | Overruled. |
| 7. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated); Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 8. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated); irrelevant, lacks foundation, hearsay. | Sustained as to hearsay for sentence, "I was eventually told that ACE had killed the CES program." Otherwise overruled. |
| 9. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated); irrelevant, legal conclusion, speculation. | Overruled as to not being an admissible unsworn statement. Otherwise, sustained. |
| 10. | Not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746 (not dated); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("I believe that there's a very high likelihood of confusion….his potential customers are likely to be confused…"); improper consumer survey methodology ("I felt shocked and confused."). | Overruled. |

## XIX. OBJECTIONS TO STATEMENT OF FOTIOS PANTAZIS[20]

| Paragraph | Objections | Ruling |
|---|---|---|
| Whole statement | Hearsay, legal conclusions, lacks foundation, speculation, irrelevant, not an admissible unsworn statement, does not comply with 28 U.S.C. § 1746. | Overruled. |

---

[20] Pantazis's email may be found at docket entry 23, exhibit 2B at 26–28.

15

## XX. OBJECTIONS TO STATEMENT OF PHIL GODFREY[21]

| Paragraph | Objections | Ruling |
|---|---|---|
| 3. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("In my mind, Medical Exercise Specialist is the exclusive brand name for the course and certification offered by Dr. Michael Jones…. I quickly came to believe that the name Medical Exercise Specialist only identified the course and certification offered by Dr. Jones."); legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("As far as I'm aware, no one had ever used the name Medical Exercise Specialist before Dr. Jones- it was a name that he'd invented."). | Overruled. |
| 4. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("I felt Medical Exercise Specialist was (and is) a very unique name because dozens of certifications existed but none used that name….In my mind, the titles in this industry identify the organization. So that's why I exclusively associated Dr. Jones with the Medical Exercise Specialist certification-it was a unique name that only he had used."). | Overruled. |
| 5. | Hearsay. | Overruled. |
| 6. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("It is extremely confusing for ACE to use the name 'Medical Exercise Specialist'."); ultimate facts, legal conclusion, improper consumer survey methodology ("I found it extremely confusing when I first saw it, and even wondered if Dr. Mike had somehow become involved with ACE. The name belongs to Dr. Jones. How can ACE legally be using it?"). | Sustained as legal conclusion as to the last two sentences: "The name belongs to Dr. Jones. How can ACE legally be using it?" Otherwise, overruled. |
| 7. | Legal conclusion, ultimate facts, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Sustained as speculation as to the first sentence, "I believe that ACE copied the Medical Exercise Specialist name from Dr. Jones."  Otherwise, |

---

[21]  Godfrey's affidavit may be found at docket entry 23, exhibit 2A at pages 21–22.

| | | overruled. |
|---|---|---|

## XXI. OBJECTIONS TO STATEMENT OF BRIAN RICHEY[22]

| Paragraph | Objections | Ruling |
|---|---|---|
| 3. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 3.a. | Irrelevant, legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation, irrelevant, hearsay. | Overruled. |
| 3.b. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation ("It was a unique name…"); irrelevant. | Overruled. |
| 3.c. | Hearsay. | Overruled. |
| 3.d. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 4. | Hearsay. | Overruled. |
| 5. | Irrelevant. | Overruled. |
| 6. | Irrelevant, hearsay. | Overruled. |
| 7. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation, ultimate facts. | Overruled. |
| 8. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 9. | Legal conclusion, improper lay opinion, improper expert opinion, lacks foundation, speculation. | Overruled. |
| 10. | Speculation, irrelevant, lacks foundation. | Sustained. |

## XXII. CONCLUSION

In sum, ACE's objections are SUSTAINED IN PART AND OVERRULED IN PART.

Signed at Houston, Texas on March 15, 2017.

_____
Gray H. Miller
United States District Judge

---

[22] Richey's affidavit may be found at docket entry 23, exhibit 2B at pages 14–16.