United States District Court
Southern District of Texas
**ENTERED**
April 03, 2017
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JONES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3270 |
| | § | |
| AMERICAN COUNCIL ON EXERCISE, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before the court is a motion for leave to file a second amended answer filed by defendant American Council on Exercise ("ACE"). Dkt. 60. Having considered the motion, response, reply, and the applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND AND LEGAL STANDARD

Under the court's scheduling order entered on April 11, 2016, amendments to pleadings were due by September 14, 2016. Dkt. 17. ACE filed its motion to amend its answer on November 11, 2016. Dkt. 60. Because ACE is seeking leave to amend outside of the time permitted in the court's scheduling order, the court treats the motion to file an amended answer as a motion to amend the scheduling order. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The discovery deadline was January 5, 2017. *Id.* "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th

Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).  To

determine if there is good cause, the court must consider:

> "(1) the explanation for the failure to timely [comply with the scheduling order];
> (2) the importance of the [modification];
> (3) potential prejudice in allowing the [modification]; and
> (4) the availability of a continuance to cure such prejudice."

*Id.* (quoting *Meux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

## II. ANALYSIS

ACE seeks to clarify its Ninth Specially-Pleaded Defense to show that it is based in part on

Jones's naked licensing of the alleged mark.  Dkt. 60.  The current defense states: "Jones's purported

trademark is invalid for lack of distinctiveness and/or secondary meaning."  Dkt. 18 at 8.  The

proposed amended version of this defense reads as follows:

> Jones's purported trademark is invalid for lack of distinctiveness and/or secondary meaning.  For example and not by way of limitation, even if Jones' purposed trademark was not a **common** descriptive term (i.e., generic and unprotectable) but rather was **merely** descriptive such that it could have acquired secondary meaning, which ACE denies, Jones' uncontrolled licensing of, and/or uncontrolled grants of consent to, third-parties to use the purported trademark would have prevented it from ever acquiring secondary meaning and becoming distinctive, or, alternatively, would have caused the purported trademark to lose any distinctiveness it might have had as an indicator of origin.

Dkt. 60, Ex. A.

## A.    Explanation of Timing

ACE's explanation for the timing of the motion is that it reasonably understood its existing

pleading to already encompass naked licensing because naked licensing is merely an argument

against distinctiveness.  Dkt. 60.  ACE contends that the motion to amend "was triggered by a

footnote in the Court's summary judgment ruling" that indicated that ACE had not specifically pled

"naked licensing" as a defense. *Id.* (citing Dkt. 58 n.1 (order on the motion for summary judgment)). ACE asserts that the court's footnote put it on notice that its failure to mention naked licensing in its answer may be an issue. *Id.* It contends that it filed the motion to amend to address that potential issue. *Id.*

Jones contends that ACE's live pleading does not assert a naked licensing through abandonment defense, and that this defense is an affirmative defense on which ACE would bear the burden of proof. Dkt. 61. Jones argues that an affirmative defense must be pled with enough particularity to give the plaintiff fair notice and that the current defense, which contains no facts to support a claim of abandonment, does not do so. *Id.* (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (requiring an affirmative defense to give fair notice)). Moreover, Jones points out that ACE actually stated in its reply to its motion for summary judgment that this is *not* an abandonment case. *Id.*; *see* Dkt. 44 ("This is not an abandonment case; the rights never accrued due to naked licensing, and Jones failed to meet his burden to prove otherwise.").

ACE does not explain in its reply to this motion why it stated in its reply to its motion for summary judgment that this is "not an abandonment case" yet now wishes to add that claim to its amended answer. *See* Dkt. 64.

The court finds that this factor weighs in favor of Jones. While the court understands ACE's contention that it was recently put on notice that its failure to pled naked licensing could be an issue, there is not an excuse for its failure to survey caselaw prior to the amendment deadline, which also would have put ACE on notice that this could be an issue.

**B.      Importance of Amendment**

ACE contends that the amendment is important to the extent the court deems it a predicate to its naked licensing arguments. Dkt. 60. Jones contends that "abandonment by naked licensing"

is an affirmative defense "on which ACE unquestionably bears the burden of proof under Fifth Circuit law."  Dkt. 61 (citing *Exxon Corp. v. Oxxford Clothes*, 109 F.3d 1075, 1075–76 (5th Cir. 1997) (stating that the party attempting to show abandonment bears the burden)).  ACE argues that because Jones's trademark is not registered, he bears the burden of proving distinctiveness or secondary meaning.  Dkt. 60.  ACE asserts that the term never acquired distinctiveness because Jones did not exercise sufficient control over the mark's use and that the naked licensing defense is thus used, in this case, to point out Jones's inability to meet his burden.  *Id.*  ACE asserts that its argument "is directed to an issue on which Jones bears the burden of proof [and] is [thus] not an 'affirmative' defense on which ACE bears the burden of proof."  *Id.*

Federal Rule of Civil Procedure 8(c) requires parties to "affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).  "An avoidance in pleadings is an 'allegation or statement of new matter, in opposition to a former pleading, which, admitting the facts alleged in such former pleading, shows cause why they should not have their ordinary legal effect.'"  *Simon v. United States*, 891 F.2d 1154, 1157 (5th Cir. 1990) (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987)).  Generally, a party must raise its affirmative defenses in its first responsive pleading.  *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009).  "However, '[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal.'"  *Id.* (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983)).  The defense is thus not waived if it is raised "at a pragmatically sufficient time" so that the plaintiff is not prejudiced.  *Id.*

The court finds that the naked licensing defense must be affirmatively pled.  According to the Fifth Circuit, "the proponent of a naked license theory 'faces a stringent standard' of proof.'"  *Moore Bus. Forms, Inc. v. Ryu*, 960 F.2d 486, 489 (5th Cir. 1992).  While ACE "continues to assert

4

that this is not an abandonment case," it wishes to maintain the ability, should "Jones somehow prove[] his alleged mark ever was distinctive," "to show the actual effect of that naked licensing." Dkt. 64 at 2 n.1. Thus, ACE wishes to avoid the "ordinary legal effect" of Jones's potential showing of distinctiveness with its naked licensing defense. *See Simon*, 891 F.2d at 1157 (defining "avoidance").

Because the court has determined the defense must be pled, it is an important amendment. This factor weighs in favor of ACE.

## C.    Potential Prejudice in Allowing the Amendment

ACE contends that its defense of failure to accrue rights through naked licensing is encompassed in its currently pled Ninth Defense and that the facts needed to prove failure to accrue rights and abandonment via naked licensing are the same. Dkt. 64. It argues that because the facts are the same, Jones will not suffer any prejudice in allowing the amendment. *Id.* Moreover, it notes that Jones was already aware of and has responded to the naked licensing arguments. Dkt. 60.

Jones contends, conversely, that granting leave to amend would cause him substantial prejudice. Dkt. 61. He asserts that he relied on ACE's representation in its summary judgment reply that this was not an abandonment case and thus has not pursued any discovery related to that defense. *Id.* He argues that a "new naked licensing defense threatens to push discovery far beyond the bounds of what is reasonable." *Id.* He notes that, at the time he responded to the motion, discovery was "coming to a close in a matter of weeks." *Id.* Jones contends he did not have the opportunity to determine if he needed to retain an expert on this issue and that the expert deadline had already passed. *Id.* Additionally, he argues that exploring this argument would require substantial discovery from third parties, which could not be obtained prior to the close of discovery. *Id.*

ACE argued in its motion for summary judgment, which was filed on June 16, 2016, that Jones "nakedly bestow[ed] his graduates with the title 'Medical Exercise Specialist' with no controls and no license agreement." Dkt. 27. In the summary of the argument, ACE stated, "[t]o the extent plaintiff still somehow attempts to assert service mark rights, that claim is foreclosed due to plaintiff's rampant, uncontrolled naked licensing." *Id.* at 2. ACE discussed in the naked licensing argument section of the brief how Jones responded to its questioning during his deposition related to the controls Jones placed or failed to place on the use of the title. *Id.* at 8–9. Later in the brief, ACE discussed its contention that Jones had no mark because he "failed to control the quality of services provided under his alleged mark in granting and failing to police naked licenses, such that the term he contends he owns has lost any significance it might have otherwise allegedly had as a source-indicating mark." *Id.* at 23. There is an entire paragraph in the brief about abandonment, and ACE stated that in this case "there is literally no control whatsoever over what others sell under Jones's purported mark after he awards them the right to use it as their 'title.'" *Id.* at 24.

In Jones's response to ACE's motion for summary judgment, Jones argued that he "monitored usage of his mark and it retains source identifying significance." Dkt. 37 at 3. He argued that he "exercises direct and exclusive control over the quality of the products he services and offers" and that "consumers who sign up can expect a consistent level of quality." *Id.* at 23. Jones offered a declaration about how he exercises control over who may use the title. *Id.* at 23–24 & Ex. 1C.

In the reply, filed July 12, 2016, ACE stated, as Jones points out, that "[t]his is not an abandonment case." Dkt. 44. It ended that statement with a semi-colon and then argued that "the rights never accrued due to naked licensing, and Jones failed to meet his burden to prove otherwise." *Id.*

6

Jones did *not* argue in his response to the motion for summary judgment that ACE failed to plead naked licensing and could not now assert it. Instead, Jones presented arguments and evidence to rebut the claim. And the court found that Jones had sufficiently shown there was an issue of material fact as to whether ACE could meet the requirements of showing Jones had abandoned its mark. Dkt. 58 at 46. Thus, notwithstanding ACE's statement in its reply that this is not an abandonment case, the court interpreted ACE's arguments in its motion as asserting abandonment, and Jones, having replied to the arguments and having been quizzed about abandoning his mark during his deposition, cannot now claim he is unfairly surprised by the defense.

Notwithstanding Jones's argument of prejudice, the court believes ACE's exploration of the defense during Jones's deposition and its express arguments relating to the defense in its motion for summary judgment were sufficient to put Jones on notice that ACE would be pursuing the argument. The court finds the statement about this not being an abandonment case in the reply as an indication that abandonment was not ACE's primary argument, not as an indication that ACE was abandoning the defense altogether. The court ruled on the motion for summary judgment on October 18, 2016, and addressed ACE's abandonment argument, ruling that there was a question of material fact. The written discovery deadline did not pass until January 5, 2017, and depositions did not have to be completed until March 6, 2017. Dkt. 72. While Jones's expert designations were due November 1, 2016 (*see* Dkt. 17), Jones could have easily requested an extension after reviewing the court's order on the motion for summary judgment.

This factor weighs in favor of ACE.

**D.      Availability of a Continuance**

The court is not convinced that Jones will be prejudiced by the amendment. However, if Jones truly believes he needs an expert to rebut the defense at trial, the court will be willing to

consider a *very brief* extension for Jones to designate an expert for this *very narrow* issue, file a report, and for ACE to conduct a *brief* deposition of the expert.[1]  The court believes Jones had sufficient notice of this issue, so if Jones still believes he needs additional discovery to cure prejudice, he must make the case for such extremely narrowly tailored discovery.  The court will entertain a brief on this issue so long as Jones files it within five (5) days of the date of this order. The brief shall consist of no more than three (3) pages.  ACE may file a response five (5) days after Jones's brief.  It shall also be confined to three (3) pages or less.  No replies will be accepted.

### III. CONCLUSION

The court finds that the factors weigh in favor of ACE.  ACE's motion to amend (Dkt. 60) is therefore GRANTED.

Signed at Houston, Texas on April 3, 2017.

Gray H. Miller
United States District Judge

---

[1]  The court notes that Jones pointed out in his response to the motion to amend that neither ACE nor Jones has requested a continuance. Dkt. 61 at 8.  Thus, Jones may not actually desire a continuance to obtain an expert, in which case he may simply disregard the court's instructions to submit a brief.